UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT FLORIDA

MIAMI DIVISION

| | | |
|---|---|---|
| MARTIN J. WALSH,<br>Secretary of Labor,<br>United States Department of Labor, | )<br>)<br>) | FILE NO. |
| Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | |
| VANDE CORPORATION, d/b/a/<br>LATIN AMERICAN RESTAURANT, and<br>PASQUALE RENZI, an individual. | )<br>)<br>)<br>) | |
| Defendants. | )<br>) | **C O M P L A I N T**<br>**(Injunctive Relief Sought)** |

Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Plaintiff") seeks to have Defendants Vande Corporation d/b/a/ Latin American Restaurant and Pasquale Renzi, an individual (collectively, "Defendants"), enjoined from violating the provisions of §§ 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. (hereinafter "the Act"); and, pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), to recover unpaid minimum wage and overtime compensation and liquidated damages. Plaintiff brings this action pursuant to § 17 of the Act, 29 U.S.C. § 217.

I.

This Court has jurisdiction over this action pursuant to §§ 16(c) and 17 of the Act and 28 U.S.C. §§ 1331 and 1345.

II.

A.  Defendant, Vande Corporation d/b/a Latin American Restaurant

(hereinafter "Vande Corporation"), at all times hereinafter mentioned, has been a corporation having a place of business and doing business in Miami, Florida.

      B.      Defendant, Pasquale Renzi (hereinafter "Renzi"), at all times hereinafter mentioned, has been registered with the Florida Secretary of State as the sole owner and business operator of Defendant Vande Corporation.  In that capacity as sole owner and operator, Renzi exercised operational control over Vande Corporation's employees, he was generally onsite at Vande Corporation on a daily basis, and he acted directly or indirectly in the interest of Defendant Vande Corporation in relation to its employees, including making decisions regarding pay and scheduling.  Therefore, based on Renzi's exercise of managerial responsibilities and control of Vande Corporation, Renzi is an employer within the meaning of § 3(d) of the Act, 29 U.S.C. § 203(d).

III.

At all times hereinafter mentioned:

      A.      Defendants, engaged in related activities performed either through unified operation or common control for a common business purpose, constitute an enterprise within the meaning of § 3(r) of the Act, 29 U.S.C. § 203(r); and

      B.      Such enterprise, employing employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce, and having an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated), constitutes an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of § 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

IV.

Since at least April 13, 2016, Defendants repeatedly and willfully violated the provisions of §§ 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), by failing to pay employees, including waitstaff and kitchen staff, employed in an enterprise engaged in commerce or in the production of goods for commerce, the applicable minimum hourly rate.

V.

Since at least April 16, 2016, Defendants repeatedly and willfully violated the provisions of §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce, specifically restaurant cooks, dishwashers, and wait staff, workweeks longer than 40 hours without compensating them for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

VI.

Since at least April 13, 2016, Defendants, employers subject to the provisions of the Act, repeatedly violated the provisions of §§ 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and Regulations found at 29 C.F.R. § 516 by failing to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed in the aforesaid Regulations.  For example, time records of several of Vande Corporation's employees from September 4, 2016 to April 30, 2017 are entirely missing, there are gaps in the time records of various other Vande Corporation employees during this period, and the payroll records of several employees during this period list only employees' first names, rather than each employee's complete identifying information.

VII.

WHEREFORE, cause having been shown, Plaintiff prays for Judgment pursuant to § 17 of the Act, 29 U.S.C. § 217, permanently enjoining Defendants, their officers, agents, servants, employees and all persons in active concert or participation with them from violating the provisions of §§ 6(a), 7(a), and 11(c) of the Act and pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), awarding back wages for a period of up to three (3) years prior to the commencement of this action and an additional equal amount as liquidated damages to employees (as named in Appendix "A" attached hereto and made a part hereof and such other employees as hereafter may be identified and named prior to or at trial); and for such other and further relief as may be necessary and appropriate including interest on such back wages at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621, from the date they became due until paid, and costs of this action.

Respectfully submitted,

| | |
|---|---|
| ADDRESS:<br>Office of the Solicitor<br>U.S. Department of Labor<br>61 Forsyth Street, S.W.<br>Room 7T10<br>Atlanta, GA  30303<br>Telephone:  404.302.5435<br>Facsimile:  404.302.5438<br>E-mail:  walter.robert@dol.gov<br>          ATL.Fedcourt@dol.gov<br>          latterell.richard.a@dol.gov | SEEMA NANDA<br>Solicitor of Labor<br><br>ROBERT L. WALTER<br>Counsel<br><br>*/s/  Richard A. Latterell*<br>RICHARD A. LATTERELL<br>Trial Attorney<br><br>Attorneys for Plaintiff,<br>Secretary of Labor,<br>United States Department of Labor |